## Johnson, et al. v. Chesapeake & Ohio Railway Company.

(Decided March 24, 1925.)

Appeal from Lewis Circuit Court.

1. **Limitation of Actions—No Recovery Could be Had in 1916 for Railroad's Negligence in Constructing Culverts in 1887.**—No recovery could be had by adjoining landowner in 1916 for railroad's negligence in constructing permanent culverts under its tracks in 1887.

2. Waters and Water Courses—Railroad Held Under no Duty to Keep Open Ditch Built by Former Owner of Farm.—Railroad was under no duty to keep open a ditch constructed 20 years before by former owner of plaintiff's farm parallel to tracks which caught water from culverts under tracks and carried it to drain.

3. Appeal and Error—Action for Causing Water to Flow on Plaintiff's Farm by Negligent Construction of Ditches and Culverts, etc., Held Peculiarly for Jury.—Action against railroad for causing water to flow on plaintiff's farm by negligent construction of culverts and ditches under tracks, and for debris and rocks thrown on farm, held peculiarly for jury and great weight should be given to jury's verdict.

4. Waters and Water Courses—Admission of Evidence Former Owner of Farm Constructed Ditch Paralleling Railroad Held Not Error.—In action against railroad for causing water to flow on plaintiff's farm, held that it was not error to admit evidence that 20 years before former owner of farm constructed and maintained ditch paralleling right of way.

5. Waters and Water Courses—Not Error to Limit Jury's Consideration to Evidence of Water Flowing from Hillside, where Evidence Related Solely to Such Water.—Where evidence, in action against railroad for causing water to flow on plaintiff's land, related to water flowing from hillside, it was not error to limit jury's consideration to such evidence and not to allow them to consider water coming from land on either side of plaintiff's land.

R. D. WILSON and ALLAN D. COLE for appellants.

WORTHINGTON, BROWNING & REED for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Appellants brought this suit September 4, 1916, against the Chesapeake & Ohio Railway Company. They alleged in their petition that they owned a farm in Lewis county; that the defendant operated its line of railway through it and that for more than five years before the bringing of the action it had carelessly and negligently constructed ditches along its right of way through the farm to receive the water collected and flowing thereon and had carelessly and negligently constructed culverts under its tracks, and drains and openings upon and across its right of way through the farm for the passage of waters collected and flowing upon its right of way, and had thus collected and thrown water upon the plaintiff's land, destroying its productiveness for agricultural purposes: They further alleged that the de-

fendant had carelessly and negligently removed rocks and debris from its right of way and dumped same upon their land in large quantities, greatly diminishing its productiveness as a farm. The defendant by answer controverted the allegations of the petition. The case came on for trial before a jury, who were sent by the court to view the premises, and after hearing the evidence returned a verdict for defendant. The plaintiffs appeal.

It is earnestly insisted that the verdict of the jury is palpably against the evidence. The proof shows that the plaintiff's farm contains about forty acres lying just south of the Ohio river. About twelve acres is river bottom and the remainder is hill land. The railway runs through the farm near the foot of the hill and just south of the railway is the county road. The proof shows that before the railroad was built the water from the hillside ran down over the bottom land into the river. There were them two natural drains at either end of the farm by which the water ran into the river. There is no complaint now that the upper seven acres of the bottom land has been injured. The complaint is as to the lower five acres and it is based on the ground that the railroad has put in some culverts under its tracks opposite this five acres, which thus takes the water directly on it which used to flow down the drain at the lower end. But the railroad was built in 1887 or 1888. The culverts were built then. They were permanent structures and no recovery could be had in 1916 for negligence in their construction. To catch the water coming through these culverts about twenty years ago a man named Tomlinson, who then had charge of the farm, built a ditch parallel with the right of way which caught this water and carried it to the drain, thus protecting the bottom from it as long as that ditch was kept open. But the railroad company was under no duty to keep this ditch open.

A considerable amount of debris has washed down on the plaintiff's land below the railroad, but the proof for the defendant is to the effect that this was due to a landslide on the hill and the great flood of 1912 in the Ohio river.

In cases of this sort the court gives great weight to the verdict of a jury, because the jurors are chosen from the different walks of life, and putting together their common experiences are peculiarly qualified to pass on questions like this, especially in an agricultural county

like Lewis, where most of the jurors are necessarily farmers. The case was one peculiarly for a jury, and on all the evidence we cannot say their verdict is not sustained by the proof. There was no error in admitting the proof as to the digging of the ditch by Tomlinson and the maintenance of it by him, for this ditch was twenty years old and after so great a length of time must be considered as part of the premises and was proprely considered by the railroad in what it did. It is earnestly urged that the court improperly heard this case with a like suit brought by J. W. Cotton & Son, who were the tenants on the land and sued for the injury to their crop. But the record of that case is not before us and we find nothing in the record indicating that the plaintiffs in this case were prejudiced in any way by the hearing of that case with this case. It is also complained that the court erred in limiting the jury to the water flowing down the hill and in not allowing them to consider the water flowing upon the right of way from the land east or west of the land in controversy. But if the instruction had been worded as asked by appellants it could not have affected the result of the case, for all the evidence was directed to the water coming down the hill. If the plaintiffs could not recover damages for this water they plainly could not have recovered for the other. The wording of the instruction could, therefore, have had no effect on the result of the case.

Judgment affirmed.